PHILIP M. MILLER (SBN 87877)
ANNE M. BEVINGTON (SBN 111320)
JULIE A. OSTIL (SBN 215202)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
Telephone: (415) 882-7900
Facsimile: (415) 882-9287
pmiller@sjlawcorp.com
abevington@sjlawcorp.com
jostil@sjlawcorp.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOMOTIVE INDUSTRIES PENSION TRUST FUND, AUTOMOTIVE INDUSTRIES WELFARE TRUST FUND, JAMES H. BENO, Trustee, BILL BRUNELLI, Trustee, STEPHEN J. MACK, Trustee, CHRIS CHRISTOPHERSEN, Trustee, DON CROSATTO, Trustee, MARK HOLLIBUSH, Trustee, JON ROSELLE, Trustee, DOUGLAS CORNFORD, Trustee, and JAMES V. CANTERBURY, Trustee,<br><br>Plaintiffs,<br><br>vs.<br><br>AARONS BODY SHOP, a California corporation,<br><br>Defendant. | CASE NO.: CV 11-04381 LB<br><br>**STIPULATION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT; REQUEST TO CONTINUE CASE MANAGEMENT CONFERENCE AND [~~PROPOSED~~] ORDER** |

Pursuant to Fed. R. Civ. P. Rule 6(b) and Civ. LR 6.1, Plaintiffs Automotive Industries Pension Trust Fund, Automotive Industries Welfare Trust Fund, James H. Beno, Trustee, Bill Brunelli, Trustee, Stephen J. Mack, Trustee, Chris Christophersen, Trustee, Don Crosatto, Trustee, Mark Hollibush, Trustee, Jon Roselle, Trustee, Douglas Cornford, Trustee, and James V.

1 | Canterbury, Trustee (collectively "Plaintiffs"), and Defendant Aarons Body Shop, a California
2 | corporation ("Aarons") hereby stipulate as follows:
3 |     1. Plaintiffs filed their Complaint in federal court on September 1, 2011 to compel
4 | Defendant to pay contributions due for work performed by its employees during the months of
5 | July 1, 2003 through September 30, 2007, and liquidated damages and interest thereon. (Dkt. #1)
6 | Plaintiffs are trustees of the Automotive Industries Pension Trust Fund and the Automotive
7 | Industries Welfare Trust Fund; Defendant Aaron is an employer who is required to make
8 | contributions to the Trust Funds under a collective bargaining agreement. Plaintiffs' complaint is
9 | based on an audit of Defendant's books and records that was conducted for the Trust Funds in or
10 | about May 2009. The complaint had to be filed in September 2011 in order to ensure that there
11 | would be no issue regarding the statute of limitations.
12 |     2. The parties opened settlement negotiations in October 2011. After the filing of the
13 | Complaint, the employer withdrew from participation in the Pension Trust Fund, thus incurring
14 | withdrawal liability.
15 |     3. Simultaneously, the Trustees conducted an exit audit of Defendant Aaron's books
16 | and records for the period of October 1, 2008 through October 31, 2011 to determine all amounts
17 | owing. That audit was completed in December 2011, and showed additional amounts due.
18 |     4. The parties wish to settle the delinquent contributions and the withdrawal liability
19 | simultaneously so that defendants will know the entire amount owing at the time they settle. The
20 | parties wish to have time to attempt a cooperative resolution before incurring the fees involved in
21 | preparing for case management.
22 |     5. However, the amount of withdrawal liability has not yet been calculated by the
23 | Plan actuary. Plaintiff's counsel has now been informed by the Plan actuary that the actuarial
24 | pools needed for calculation of withdrawal liability will not be available until approximately
25 | **September 2012.** At that time, withdrawal liability will be assessed and the parties will be able to
26 | discuss universal settlement of all amounts owing. If necessary, plaintiffs will amend the current
27 | complaint, or file a related action for collection of the withdrawal liability.
28 |

- 2 -
STIPULATION FOR EXTENSION OF TIME TO RESPOND
TO COMPLAINT; REQUEST TO CONTINUE CASE
MANAGEMENT CONFERENCE AND [PROPOSED] ORDER
CASE NO. CV 11-04381 LB

6. Thus, at the current time any ADR procedure would be premature since the parties do not yet know the amounts owing for withdrawal liability.

7. Two prior extensions of time have been granted. (Dkt. #8, 9)

8. In the interest of minimizing costs as well as the Court's time and resources, the parties would like to take the opportunity to determine the total amounts now owing and attempt a settlement. Accordingly, the parties hereby request and stipulate that the Defendant Aaron shall have until **December 1, 2012,** to respond to the Complaint.

5. Plaintiffs believe that the requested continuance would promote the interests of judicial economy and fairness, and will help effectuate a just, speedy and inexpensive determination of this action. See FED. R. CIV. P. 1.

8. The requested extension will modify the Court's Order docketed on February 6, 2012. The parties respectfully request that the Case Management Conference currently scheduled for June 7, 2012, and all of its associated deadlines, be continued for 6 months to allow sufficient time for the withdrawal liability assessment to be recalculated by the actuary. By allowing sufficient time to complete the re-calculation, the parties intend to attempt to negotiate a global settlement for all contributions and withdrawal liability amounts due, or for Defendant to respond to the Complaint, and for the parties to hold the required "meet and confer" and ADR telephone conference, and to prepare a CMC Statement in advance of the Case Management Conference.

Therefore, the Parties hereby stipulate that the Defendant Aaron shall have until December 1, 2012, to respond to the Complaint and that the Case Management Conference scheduled for January __, 2013, and all of its associated deadlines, be continued for 6 months.

Dated: May 17, 2012　　　　　　　　　　　SALTZMAN & JOHNSON LAW CORPORATION

By: _____/S/_____
JULIE A. OSTIL
Attorneys for Plaintiffs, AUTOMOTIVE INDUSTRIES TRUST FUNDS, et al.

- 3 -
STIPULATION FOR EXTENSION OF TIME TO RESPOND
TO COMPLAINT; REQUEST TO CONTINUE CASE
MANAGEMENT CONFERENCE AND [PROPOSED] ORDER
CASE NO. CV 11-04381 LB

| | |
|---|---|
| 1  Dated: May 17, 2012 | LAW OFFICES OF GEORGE KING |
| 2 | |
| 3 | By: _____/S/_____ |
| 4 | GEORGE KING<br>Attorneys for Defendant, AARONS BODY SHOP, a California corporation |

--------------------------------------------------------------------------------

### ORDER

Based on the foregoing Stipulation of the parties, IT IS HEREBY ORDERED that Defendant has until December 1, 2012 to file a response to the Complaint. The currently set Case Management Conference is hereby continued to 1/31/2013 at 10:30 a.m. All related deadlines are extended accordingly.

IT IS SO ORDERED.

Dated: 5/18/12

_____
Honorable Laurel Beeler
UNITED STATES MAGISTRATE JUDGE